UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 22-cv-02265-JSC<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR TRANSFER**<br><br>Re: Dkt. Nos. 10, 11 |

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights case complaining about his medical care at Pelican Bay State Prison ("PBSP"), where he is currently incarcerated. He has filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil rights case such as this one. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1) in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). This case does not present exceptional circumstances, at least thus far, insofar as the issues are not especially complex and Plaintiff has been able to present his claims adequately. Should exceptional circumstances arise necessitating counsel for Plaintiff, the Court will on its own initiative refer the case for location of an attorney to represent Plaintiff. Under the present circumstances, Plaintiff's motion for appointment of counsel is DENIED.

Plaintiff has also filed a motion requesting transfer to another prison, the California Health Care Facility. Prisoners have no constitutional right to incarceration in a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). Because Plaintiff does not have a

constitutional right to a transfer to another prison, his motion is DENIED.  Plaintiff alleges that the other prison has a law library, whereas PBSP uses a paging system for legal materials in which court decisions do not have pincites.  Under such circumstances, Plaintiff is excused from the obligation to provide pincites to the extent his legal materials do not show them.  And if the delays in the paging system causes him to be unable to meet a court deadline, that will constitute good cause for granting him an extension of time.

This order disposes of docket numbers 10 and 11.

**IT IS SO ORDERED.**

Dated: September 1, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge