UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 22-cv-02265-JSC<br><br>**ORDER GRANTING MOTION TO REVOKE LEAVE TO PROCEED IN FORMA PAUPERIS; DIRECTING PLAINTIFF TO PAY FILING FEE**<br><br>Re: Dkt. No. 18 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis ("IFP"). Defendants filed a motion to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) on the ground that he has three prior dismissals that qualify as "strikes," or, in the alternative, to dismiss the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff filed an opposition, and Defendants filed a reply brief. For the reasons discussed below, the motion to revoke IFP is GRANTED, and Plaintiff is directed to pay the filing fee. If Plaintiff pays the filing fee by April 3, 2023, the Court will address Defendants' alternative argument for dismissal.

## DISCUSSION

A. Standard of Review

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"A defendant challenging a plaintiff's IFP status bears the initial burden of showing through documentary evidence that a plaintiff had three prior strikes." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Id.* (internal quotations marks and citation omitted). If a defendant presents a prima facie case, the burden shifts to the plaintiff to persuade the court that Section 1915(g) does not apply. *Harris*, 935 F.3d at 673. The prisoner must be given notice of his potential disqualification under Section 1915(g) and the cases constituting strikes -- by either the district court or the defendants – but the prisoner bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (*Andrews I)*. Defendants provided Plaintiff notice of his potential disqualification from proceeding IFP under Section 1915 and the cases potentially constituting strikes in their motion and accompanying papers.[1] (ECF Nos. 18, 18-1, 18-2.)

B. Analysis

1. Strikes

Defendants have presented evidence showing Plaintiff has had more than three cases or appeals that qualify as dismissals under Section 1915(g), i.e. "strikes." For purposes of a dismissal that may be counted as strikes under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and means the same thing. *Andrews I*, 398 F.3d at 1121. A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under Section 1915(g). Rather, Section1915(g) should be

---

[1] Along with their motion, Defendants filed a request for judicial notice of docket sheets, filings, and rulings in Plaintiff's prior cases. (ECF No. 18-1.) This request is GRANTED under Rule 201 of the Federal Rule of Evidence. *See Reyna's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court can take judicial notice of court filings and orders from other cases); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (courts may take judicial notice of the dockets in other cases); *Andrews I*, 398 F.3d at 1120 (docket records may show prior dismissals count as strikes under Section 1915(g)).

2

used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

In Plaintiff's prior case, *Florence v. Benrostrol*, *et al.*, Case No. 3:19-cv-00446 (S.D. Cal.), the initial complaint was dismissed because it did not state a claim upon which relief could be granted; Plaintiff received leave to amend, but the amended complaint was also dismissed because it did not state a claim upon which relief could be granted. (ECF No. 18-2 at 10, 17, 20.) The parties do not dispute that this dismissal counts as a strike under Section 1915(g).

The parties also do not dispute that the dismissal of the appeal in that case, *Florence v. Benrostrol, et al.*, Case No. 19-56079 (9th Cir.), counts as a second strike. A court may count as separate strikes dismissals of both the district court case and the appeal in the same case, so long as each dismissal was based on a qualifying reason under Section 1915(g). *See Knapp v. Hogan*, 738 F.3d 1106, 1110-11 (9th Cir. 2013) (counting dismissal of district court cases and dismissals of appeals therefrom as separate strikes). Although the simple affirmance of a district court dismissal does not count as a separate strike, *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1045 (9th Cir. 2016), here, the Court of Appeals did not simply affirm. Rather, it dismissed the appeal under Section 1915(e)(2) because it was frivolous. (ECF No. 18-2 at 23.) This dismissal counts therefore as a second strike.

The dismissal of Plaintiff's case in *Florence v. Kernan, et al.*, Case No. 1:18-cv-01045 (E.D. Cal.) counts as a strike because the third (and final) amended complaint was dismissed for failure to state a claim upon which relief may be granted. (ECF No. 18-2 at 41, 43.) The dismissal in *Florence v. Kernan, et al.*, Case No. 1:19-cv-00331 (E.D. Cal), also counts as a strike because it was dismissed for failure to state a claim upon which relief may be granted. (ECF No. 18-2 at 81, 84.) Plaintiff argues that these two dismissals should not count as a strike because his appeals of them are pending. While there is an appeal pending in Case No. 1:19-cv-00331 (E.D. Cal), there is no record of an appeal in *Florence v. Kernan, et al.*, Case No. 1:18-cv-01045 (E.D. Cal.), Plaintiff has not provided a case number or any other record of such an appeal, and Defendants have been unable to locate any record of it. Regardless, a dismissal on grounds that

3

qualify under Section 1915(g) counts as a strike even if an appeal from the dismissal is pending. *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015); *see also Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (a prisoner does not retain IFP status for new cases filed while the appeal of his third strike is pending). Therefore, any pending appeal in these two cases does not mean that the district court dismissals do not count as strikes. Accordingly, these dismissals for failure to state a claim upon which relief can be granted count as Plaintiff's third and fourth strikes.[2]

### 2. Imminent Danger of Serious Physical Injury

As Plaintiff has more than three strikes, he may not proceed in forma pauperis unless he was in "imminent danger of serious physical injury" at the time he filed the complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis). Moreover, "the imminent danger exception to § 1915(g) requires a nexus" between the alleged imminent danger of serious physical injury and a prisoner's complaint, meaning the danger is fairly traceable to unlawful conduct asserted in the complaint and a favorable judicial outcome would redress the injury. *Ray v. Lara*, 31 F.4th 692, 695, 701 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Andrews II,* 493 F.3d at 1055. Assertions of imminent danger suffice when supported by plausible allegations, but they may be rejected as overly speculative when the supporting allegations are not plausible. *Id.* at 1055, 1057 n.11.

Plaintiff argues he was under imminent danger because the medical care he was receiving for a variety of conditions was not satisfactory. The imminent danger exception has been found

---

[2] Because the Court finds that Plaintiff has the four strikes, it need not address Defendants' argument that two additional dismissals also count as strikes. *See Florence v. Beards*, *et al.*, Case No. 2:19-cv-01441 (E.D. Cal.) (dismissing for failure to prosecute and follow court orders) and *Florence v. L. L. Schulteis, et al.*, Case No. 2:07-cv-04547 (C.D. Cal) (denying leave to proceed IFP because complaint failed to state a claim upon which relief may be granted). (ECF No. 18-2 at 45-47.)

4

1  not to apply when the plaintiff is receiving medical care, but he disputes the quality of the
2  treatment. *See Ball v. Famiglio*, 726 F.3d 448, 468 (3rd Cir. 2013) (plaintiff's disagreement with
3  propriety of medical treatment he was receiving insufficient to show imminent danger), *abrogated*
4  *on other grounds*, by *Coleman v. Tollefson*, 575 U.S. 532 (2015); *Brown v. Beard*, 492 F.Supp.2d
5  474, 478 (E.D. Pa.2007) (same).  Plaintiff's complaint and opposition only assert dissatisfaction
6  with --- not the denial of --- care for non-life-threatening conditions.  Imminent danger may arise
7  where a prisoner has been denied medical treatment altogether for serious or life-threatening
8  diseases.  *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger
9  where officials discontinued medication for HIV and hepatitis); *Ciapaglini v. Saini*, 352 F3d
10 328,330 (7th Cir. 2003) (finding imminent danger where plaintiff suffered paralysis, heart
11 palpitations, and chest pains after defendants denied psychiatric medication).

12       Plaintiff alleges that since 2018 he suffers from chronic pain and neuropathy in his neck,
13 lower back, and lower extremities, which he attributes to a cervical bulge, arthritis, bone spurs in
14 his ankles, and plantar fasciitis in his feet   (ECF No. 1 at 3, 6-14, 18, 21; *see also* ECF No. 23 at
15 9-10.)  He complains he did not receive proper care for these conditions, adequate pain
16 medication, referral to a specialist, or accommodations such as warmer clothing and blankets for
17 the cold weather, a proper mattress, orthopedic shoes, or a cervical pillow, adequate pain
18 medication.  (ECF No. 1 at 6.)  His papers also indicate, however, that he received a host of
19 medical appointments and treatments for these conditions,[3] including pain medication with dosage
20 increases, heel wedges, orthopedic shoes, physical therapy, x-rays, an MRI, a CT scan, and an
21 ultrasound.  (*Id*. at 6, 11-12, 18; ECF No. 23 at 9-10.)  He was also seen by a neurosurgeon in June
22 2021 and July 2022, who offered him neck surgery and a steroid injection, both of which he
23 declined.  (ECF No. 1 at 21; No. 23 at 9; No. 23-1 at 43.)  Plaintiff declined some of these
24 treatments, however, because he alleges that he does not tolerate certain types of pain medication,
25 he thought the surgery was too risky, and the orthopedic shoes did not fit. (*See*, *e.g.*, ECF No. 1 at
26 6, 10-11, 21.)

---

[3] Plaintiff alleges various reasons that, on some occasions, he declined certain of these treatments. (*See*, *e.g.*, ECF No. 1 at 6, 10-11, 21.)

United States District Court
Northern District of California

Courts have found no imminent danger where a prisoner has not been satisfied with his care for similar medical conditions. *See*, *e.g.*, *Fields v. Omosaiye*, No. 18-cv-04469-CRB (PR), 2019 U.S. Dist. LEXIS 67325, at *3 (N.D. Cal. Apr. 19, 2019) (pain and suffering due to denial of referral for neck surgery evaluation insufficient to demonstrate imminent danger); *Thomas v. Ellis*, No. 12-cv-05563-CW (PR), 2015 U.S. Dist. LEXIS 24264, at *8 (N.D. Cal. Feb. 26, 2015) (no imminent danger exception where plaintiff suffered from chronic pain and disagreed with the type of pain medication he was offered); *Jackson v. Jin*, 2014 U.S. Dist. LEXIS 44109, *6–7, 2014 WL 1323211 (W.D.N.Y. 2015) (no imminent danger claim where plaintiff alleged he was being treated with unsatisfactory pain medications); *Tripati v. Hale*, 2013 U.S. Dist. LEXIS 113101, *7–8, 2013 WL 4054627 (W.D. Pa. 2013) (no imminent danger where plaintiff had many medical examinations for chronic-pain treatment and disputed the quality of his medical care). Plaintiff's chronic pain conditions are not life-threatening, he has been seen many times by medical staff, and he has received and/or been offered a wide variety of treatments for them, including surgery. Neither his dispute about the quality of this medical care nor the asserted continuation of his pain symptoms establish that he was in imminent danger within the meaning of Section 1915(g).

Plaintiff also alleges that he contracted COVID-19 in December 2020 and was quarantined for two weeks. (ECF No. 1 at 13-16). There is no allegation or indication that he continued to suffer from COVID-19 when he filed this case in April 2022, 16 months later. To the contrary, he alleges that as of June 2021, his COVID-19 "risk score was zero" and does not allege that he relapsed or caught it again. (*Id.* at 16, 19.) He asserts in his opposition that "some inmates" tested positive and were quarantined "today," i.e. November 9, 2022. (ECF No. 23 at 10.) The existence of COVID-19 among some inmates in November 2022 is not relevant to the conditions seven months earlier, when he filed this case. It also does not establish that he was in imminent danger insofar as the infected inmates were quarantined, he gained natural immunity from having had COVID-19 previously, and he makes no allegation or indication that he did not have proper access or was unable to take an effective vaccine or booster. *Cf. Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (finding that prisoner who had COVID-19 in December 2020 had natural immunity that prevented him from being in imminent danger, and noting that he had not shown that he

6

lacked proper access to "effective COVID-19 vaccines" that are "widely available"). Plaintiff's allegation that prison officials "want [to] bring the disease in and infect an inmate again" is conclusory and, given that the prison is their workplace, implausible.

Plaintiff also alleges that a CT scan in December 2021 for his back revealed a nodule in his thyroid and a mass in his stomach. (ECF No. 23 at 9.) He received a follow-up examination in April 2022, and doctor ordered an ultrasound of the thyroid nodule and indicated he would follow up about whether to do an endoscopy for the stomach mass. (ECF No. 23-1 at 36.) In July 2022, the doctor told him no cancer was found and that he would order an endoscopy, but Plaintiff alleges that, as of November 2022, he had not received the endoscopy. (ECF No. 23 at 9.) These allegations do not show that Plaintiff was in imminent danger when he filed this action in April 2022 because there is no evidence that the nodule or mass are life-threatening or pose a risk of serious physical harm, and the records show that he was not denied medical attention for them. The allegation that Plaintiff has not yet received the endoscopy, if true, may be one of his complaints about his medical care, but it does not show that he was (or is) under imminent danger.

Plaintiff further alleges that he suffered from depression in January 2021 and had suicidal thoughts following his COVID-19 quarantine, but he indicates that he was placed in a mental health treatment program. There is no allegation that in April 2022 he had untreated depression or suicidality such that he was under imminent danger or serious physical harm at that time.

Plaintiff asserts that he is not satisfied with his medical care for several additional ailments, namely constipation, an overactive bladder, an enlarged prostate, and a meniscus injury. (ECF No. 23 at 10.) These conditions are not sufficiently serious to have put him under imminent danger of serious physical harm.

Imminent danger or serious physical injury has been found where, at the time he filed the complaint, the prisoner was at risk of contracting a serious disease, *see id*. (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception), or housed near enemy inmates, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after

being attacked by an enemy).  *Cf. Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (en banc) (allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint).  Plaintiff does not make plausible allegations that he was at risk of contracting a serious disease or housed near dangerous inmates when he filed the complaint.

In sum, the pleadings and opposition papers do not show that Plaintiff was in imminent danger of serious harm at the time he filed the complaint.  Therefore, he is not exempt from the application of Section 1915(g).

**CONCLUSION**

According, Defendants' motion to revoke permission to proceed in forma pauperis is GRANTED.  **By April 3, 2023**, Plaintiff must pay the full $350.00 filing fee; **failure to do so will result in the dismissal of this case without prejudice to Plaintiff bringing his claims in a new civil rights case in which he pays the filing fee.**[4]

This Order disposes of docket number 18.

**IT IS SO ORDERED.**

Dated: March 6, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

---

[4] If Plaintiff pays the filing fee on time, the Court will address Defendants' alternative argument that Plaintiff the case should be dismissed for failure to set forth a short and plain statement of his claims under Rule 8 of the Federal Rules of Civil Procedure.

8